**O**
**JS-6**

cc: order, docket, remand letter to
Los Angeles Superior Court, Santa Monica, No. 13 R 10916

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAKE IT NICE, LLC, <br><br> Plaintiff, <br> v. <br> JOHN MANOS and all occupants in possession, <br><br> Defendants. | Case No. 2:13-cv-09566-ODW(AJWx) <br><br> **ORDER REMANDING CASE TO LOS ANGELES COUNTY SUPERIOR COURT** |

On December 31, 2013, Defendant John Manos removed this unlawful-detainer case to this Court, ostensibly invoking jurisdiction under 28 U.S.C. §§ 1331–33 and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692k. (ECF No. 1.) But since this unlawful-detainer case does not invoke any ground for federal jurisdiction as a matter of law, the Court **REMANDS** this case to Los Angeles County Superior Court, case number 13R10916.

First, this action does not give rise to federal-question jurisdiction under 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). A plaintiff may therefore avoid federal jurisdiction by relying exclusively on state law, and "federal jurisdiction cannot be predicated on an actual or anticipated defense."

*Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009); *see also Hunter*, 582 F.3d 1039, 1042–43 (9th Cir. 2009) ("It is settled law that a case may not be removed to federal court on the basis of a federal defense." (internal quotation marks omitted)).

Courts have repeatedly held that unlawful-detainer actions do not present a federal question. *Aurora Loan Servs. v. De La Rosa*, No. 11-912, 2011 U.S. Dist. LEXIS 69217, at *3 (C.D. Cal. June 27, 2011). Moreover, Plaintiff Make It Nice, LLC does not allege any federal question in its Complaint, and any federal defense—including the FDCPA—Manos raises is irrelevant to jurisdiction. *Vaden*, 556 U.S. at 60; *Hunter*, 582 F.3d at 1042–43.

Second, the amount in controversy does not exceed the diversity jurisdiction threshold of $75,000. *See* 28 U.S.C. §§ 1332, 1441(b). "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)). And in unlawful-detainer actions, the title to the property is not the object of the litigation—only the right to possession. *See Evans v. Super. Ct.*, 67 Cal. App. 3d 162, 170 (Ct. App. 1977). The amount in controversy in an unlawful-detainer action is therefore determined by the amount of damages sought in the complaint, not by the value of the subject property. *Id.* Since Make It Nice seeks no more than $10,000, that amount can never satisfy diversity jurisdiction under 28 U.S.C. § 1332.

This case also does not invoke admiralty jurisdiction, as this routine, unlawful-detainer case bears no connection—no matter how tangential—to traditional maritime activity. *See Foremost Ins. Co. v. Richardson*, 457 U.S. 668, 674 (1982); *see also* 28 U.S.C. § 1333.

/ / /

/ / /

/ / /

The Court therefore finds that it lacks subject-matter jurisdiction over this case and **REMANDS** the action to Los Angeles County Superior Court, case number 13R10916. The Clerk of Court shall close this case.

**IT IS SO ORDERED.**

January 6, 2014

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**